IN THE DISTRICT COURT IN AND FOR
THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

JAMES LINTON,

    Plaintiff,

v.

PEACHTREE LAW CENTER, LLC and
RUSSELL W. RICHARDSON,

    Defendants.
_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4.    Plaintiff, JAMES LINTON ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Palm Beach, and City of Lake Worth.

5.    Defendant, PEACHTREE LAW CENTER, LLC ("Defendant") or ("PLC"), is a limited liability company who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

6. At all relevant times herein, Defendant, RUSSELL W. RICHARDSON ("Defendant Richardson") was the owner/director of Defendant PLC. As an officer, shareholder and/or director of Defendant PLC, Defendant Richardson was responsible for the overall success of the company. Defendant Richardson is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6): he materially participated in collecting debt by occupying a position of critical importance to Defendant PLC's business; as the owner of Defendant PLC, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant PLC's affairs and Defendant Richardson continued to play a key role in maintaining and expanding Defendant PLC's debt collection activities throughout the time in question.

7. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with collection of an alleged debt in default, Defendants placed a call to Plaintiff's cellular telephone on August 4, 2011 at 7:18 P.M., and at such time, left the following voicemail message:

> "Mr. Linton. This is Ms. [Reeds] and I'm calling on behalf of our chief legal counsel, Mr. Russell Richardson. I need an immediate call back from you. We did get a voicemail that you wanted us to contact you at this number. Please contact us at 800-741-7582 x. 112. Please refer to file number 126439. I will be in the office right up, for about another forty-five minutes this evening. Tomorrow I will be in the office from ten to seven your time."

12. Defendants failed to disclose their true corporate or business name to Plaintiff in said communication

13. Defendants further failed to notify Plaintiff that the communication was from a debt collector in said communication.

14. Defendants' voicemail communication was intended to convey a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

15. Defendants placed a call to Plaintiff's cellular telephone on August 8, 2011 at 5:56 P.M., and at such time, left the following voicemail message:

> "Mr. Linton. This is Ms. [Reeds]. Apparently, our calls locked. Mr. Linton, our chief legal counsel, Mr. Richardson, is going to review your account and pursue other remedies to get the remaining balance on this account, so I suggest you contact me back immediately at 800-741-7582 x. 112. File number is 126439. Mr. Linton, if I don't hear from you in that timeframe, um, he will go ahead and add the additional costs and fees and his attorneys fees. So, I suggest you contact me."

16. Defendants failed to disclose their true corporate or business name to Plaintiff in said communication.

17. Defendants further failed to notify Plaintiff that the communication was from a debt collector in said communication.

18. Defendants' voicemail communication was intended to convey a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

19. Defendants placed a call to Plaintiff's cellular telephone on August 10, 2011 at 12:20 P.M., and at such time, left the following voicemail message:

> "Mr. Linton. This is Ms. [Reeds]. I'm calling from the office of Peachtree Law Center. Mr. Linton, you need to understand, our chief legal counsel is getting ready to make a decision on you today. You need to call my office today. 800-741-7582 x. 112. File number 126439."

20. Defendants failed to notify Plaintiff that the communication was from a debt collector in said communication, and in future communications including in voice mail messages left on or about August 16, 2011, September 1, 2011.

21. Defendants' voicemail communication was intended to convey a false sense of urgency for the purpose of compelling Plaintiff to communicate with a debt collector.

## COUNT I
## VIOLATION OF 15 U.S.C. §1692d(6)
## AGAINST DEFENDANT PLC

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

23. Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. §1692e(5)**
**AGAINST DEFENDANT PLC**

24. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

25. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken. Specifically, Defendant threatened to add attorney's fees and costs to Plaintiff's balance where no court case was filed and further threatened that a legal decision would be made in regards to Plaintiff's account if Defendant's call was not returned.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. §1692e(10)**
**AGAINST DEFENDANT PLC**

26.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

27.   Defendant violated 15 U.S.C. § 1692e(10) by conveying a false sense of urgency in telephone calls to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. §1692e(11)**
**AGAINST DEFENDANT PLC**

28.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

29.   Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT V
### VIOLATION OF 15 U.S.C. §1692c(a)(2)
### AGAINST DEFENDANT PLC

30.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

31.    Defendant violated 15 U.S.C. § 1692c(a)(2) by contacting Plaintiff directly on his cell phone on or about August 31, 2011 and September 1, 2011, after Defendant had been properly notified that Plaintiff was represented by an attorney with respect to the Defendant's collection efforts.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

 e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

 f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. §1692d(6)
## AGAINST DEFENDANT RICHARDSON

32. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

33. Defendant violated 15 U.S.C. § 1692d(6) by failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

 a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

 b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

 c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

 d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

 e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

 f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. §1692e(5)
## AGAINST DEFENDANT RICHARDSON

34. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

35.     Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken. Specifically, Defendant threatened to add attorney's fees and costs to Plaintiff's balance where no court case was filed and further threatened that a legal decision would be made in regards to Plaintiff's account if Defendant's call was not returned.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF 15 U.S.C. §1692e(10)
## AGAINST DEFENDANT RICHARDSON

36.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

37.     Defendant violated 15 U.S.C. § 1692e(10) by conveying a false sense of urgency in telephone calls to Plaintiff for the purpose of compelling Plaintiff to communicate with a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## VIOLATION OF 15 U.S.C. §1692e(11)
## AGAINST DEFENDANT RICHARDSON

38. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

39. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT X
## VIOLATION OF 15 U.S.C. §1692c(a)(2)
## AGAINST DEFENDANT PLC

40.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

41.     Defendant violated 15 U.S.C. § 1692c(a)(2) by contacting Plaintiff directly on his cell phone on or about August 31, 2011 and September 1, 2011, after Defendant had been properly notified that Plaintiff was represented by an attorney with respect to the Defendant's collection efforts.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.


## TRIAL BY JURY

42.     Plaintiff is entitled to and hereby demands a trial by jury.


Respectfully submitted this 16th day of November, 2011.

Respectfully submitted,
**JAMES LINTON**


By: s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com